STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-152


AIR SUPPLY, INC. D/B/A COUNTRY LIVING ESTATES

VERSUS

SHANNON DAWN REDD


**********

APPEAL FROM THE
THIRTY-FIFTH JUDICIAL DISTRICT COURT
PARISH OF GRANT, NO. 17,071
HONORABLE W. PEYTON CUNNINGHAM, JR., JUDGE PRO TEMPORE

**********

MARC T. AMY
JUDGE

**********

Court composed of Marc T. Amy, Elizabeth A. Pickett and J. David Painter, Judges.

AFFIRMED.


Thomas O. Wells
Post Office Box 13438
Alexandria, LA   71315
(318) 445-4500
COUNSEL FOR PLAINTIFF/APPELLANT:
        Air Supply, Inc.

Thomas B. Wahlder
Post Office Box 543
Alexandria, LA   71309
(318) 442-9417
COUNSEL FOR DEFENDANT/APPELLEE:
        Shannon Dawn Redd

AMY, Judge.

The plaintiff, the lessor of a mobile home, brought a suit for damages against the defendant tenant, seeking to be reimbursed for the repair costs that the trailer's condition allegedly necessitated. The trial court ruled in favor of the plaintiff, awarding him $1,108.90. The plaintiff appeals, asserting that the trial court erred in not awarding attorney fees pursuant to the written lease and in failing to award the total costs of alleged repairs. For the following reasons, we affirm.

## Factual and Procedural Background

Pursuant to a written lease dated June 30, 2004, the plaintiff, Air Supply, Inc., d/b/a Country Living Estates, leased a six-year old mobile home to the defendant, Shannon Dawn Redd. The record indicates that the term of the lease was three months and that the parties entered into an oral contract, extending the term one more month. The plaintiff alleged that when the defendant vacated the mobile home, it "discovered that the mobile home had been damaged." It made the necessary repairs and brought suit against the defendant in an effort to recover the costs of the repairs. Additionally, it sought to recover attorney fees pursuant to a provision in the written lease agreement, as well as the cost of removing a trailer owned by the defendant in accordance with an oral agreement entered into by the parties. Specifically, the petition reveals that the plaintiff sought $5,585.00.

The trial court, ruling in favor of the plaintiff, awarded $1,108.90. The plaintiff appeals, asserting the following assignments of error:

A. The trial court erred when it denied plaintiff's request for reasonable attorney fees in the amount of 25% of the total due as provided for in the lease contract;

B. The trial court erred when it ruled that there was no testimony that the defendant caused the damage;

C. The trial court erred when it ruled that there was no evidence presented as to the condition of the trailer prior to defendant's lease of the trailer;

D. The trial court erred when it failed to award plaintiff $300.00 for removal of the defendant's other trailer;

E. The trial court erred when it failed to award plaintiff the sum of $450.00 for outstanding rent.

F. The trial court erred when it failed to award the total amount of the repair costs of $4,835.04.

**Discussion**

*Damages*

We will discuss the plaintiff's fourth, fifth, and sixth assignments of error first to determine the appropriateness of the damages awarded. The trial court's written judgment reflects that damages were awarded for the following: paneling, a mirror, pesticide for roach control, two cleanings, service cleaning of air conditioner and heater, the balance owed on October 2004 rent, and the cost of moving the defendant's old mobile home. The total amount awarded was $1,108.90.

On appeal, the plaintiff asserts that the trial court failed to award the cost of removing the defendant's trailer ($300.00) and the sum of the outstanding rent ($450.00). Insofar as the judgment specifically includes an itemized list of the expenses accounted for in the award— two of which are the rent and the cost of removal of the mobile home—we find no merit to these assignments of error.

Further, the plaintiff argues that the trial court erred in failing to award the remainder of the repair costs sought. Particularly, it contends that Raphael Luneau, the owner of Air Supply d/b/a Country Living Estates, "testified that his company spent the sum of $4,835.04 to bring the trailer back up to its pre-lease condition. This fact was uncontroverted."

2

We note that the amount awarded for actual repairs (the total amount less the balance owed for the October 2004 rent and the cost of removing the trailer) was $383.90. The trial court's judgment indicates that the award for the repairs was based on photographs that were entered into evidence. We do not find that the trial court committed manifest error in rejecting the remaining claims for reimbursement, insofar as the only evidence to support the plaintiff's claims were his own testimony and his reliance on a presumption that since the defendant was the only one to live in the mobile home, she must have caused the damage. We find no indication that such a presumption is founded in the law. Further, the trial court heard the testimony of both the plaintiff and the defendant and chose to believe that only the enumerated costs were warranted. Because that determination was based on the credibility of the two witnesses and was reasonable, we will not disturb it on appeal. *See Rosell v. ESCO*, 549 So.2d 840 (La.1989). Accordingly, the plaintiff's assignment of error relative to the amount of damages lacks merit.

*Evidence*

In his second and third assignments of error, the plaintiff contends that the trial court erred in ruling "that there was no testimony that the defendant caused the damage" and "that there was no evidence presented as to the condition of the trailer prior to the defendant's lease of the trailer." After reviewing the record, we find no error in the trial court's rulings.

Concerning causation, the defendant admitted to causing some of the damages. However, the remainder of the allegations regarding the alleged damage to the trailer are supported solely by plaintiff's assumption and testimony that no one else could have damaged the trailer insofar as the defendant and her family were the only

3

residents living in the trailer during the relevant time period. The trial court, however, could have concluded that this limited testimony was insufficient to satisfy the plaintiff's burden.

Further, we do not consider the condition of the trailer prior to the defendant's use as being a determinative factor. Regardless of the condition prior to the defendant residing there, the plaintiff is still required to prove that the defendant caused the damage. Without evidence proving causation, the prior condition of the trailer is inconsequential. Although the plaintiff testified that the trailer was in "mint condition" prior to the defendant's use, the trial court could have rejected this statement. Further, no other evidence was produced to establish that the defendant was responsible for the trailer's subsequent poor condition. Accordingly, these assignments are meritless.

*Attorney Fees*

The plaintiff asserts that the trial court erred by failing to award attorney fees pursuant to a provision in the lease entitled "ATTORNEY FEES AND COSTS" that stated, "[s]hould any claim in favor of the lessor upon this lease be in the amount of 25% of the claim, together with all cost, charges and expense." Because this provision is lacking clarity, we do not find that the trial court erred in failing to award attorney fees.

**DECREE**

For the foregoing reasons, the judgment awarding the plaintiff $1,108.90 in damages is affirmed. The costs of this proceeding are assessed to the plaintiff, Air Supply, d/b/a Country Living Estates.

**AFFIRMED.**

4